UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| ELLA D. MCCLELLAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 2:10-cv-118 |
| v. | ) | Judge Mattice |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Ella D. McClellan brought this action for judicial review of the final decision of the Commissioner of Social Security that she was not disabled under the Social Security Act. The Court referred this matter to Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation ("R&R").

Magistrate Judge Lee entered her R&R [Court Doc. 16] on February 28, 2011, recommending that the Commissioner's Motion for Summary Judgment [Court Doc. 14] be denied, that Plaintiff's Motion for Summary Judgment [Court Doc. 12] be granted, and that the Commissioner's decision be reversed and the action remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation. The Commissioner has filed a timely objection to the R&R [Court Doc. 17] and Plaintiff has responded [Court Doc. 18].

For the reasons stated below, the Court will **OVERRULE** the Commissioner's objection and will **ACCEPT AND ADOPT** Magistrate Judge Lee's Report and Recommendation.

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been made, the Court will directly review the circumstances leading to the Commissioner's determination that Plaintiff was not disabled and Magistrate Judge Lee's determination that Plaintiff's claim should be remanded to the Commissioner. *Id*.

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II. FACTS

Magistrate Judge Lee's R&R fully sets forth the relevant facts in this case. There have been no objections to the relevant facts as set forth in the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Factual Background" section of the R&R. (Court Doc. 16, R&R at 2-6.)

## III. ANALYSIS

The Commissioner first objects to Magistrate Judge Lee's inclusion of two facts not part of the administrative record: Plaintiff's diagnosis in a subsequent disability determination and a policy of the Tennessee Department of Education. (Court Doc. 17, Def.'s Objs. at 1.) The Commissioner next argues that the ALJ was not required to

-2-

Case 2:10-cv-00118-HSM-SKL   Document 19   Filed 07/07/11   Page 2 of 8   PageID #: 110

address Listing 12.05C because, although it is undisputed that Plaintiff had an IQ score in the 60s and has a physical impairment imposing another significant limitation, substantial evidence in the record shows that Plaintiff's mental impairment would not satisfy the requirements of Listing 12.05. (*Id.* at 2-3.) Specifically, the Commissioner claims that Plaintiff was never diagnosed with mental retardation and was instead diagnosed with borderline intellectual functioning. (*Id.* at 3-4.) In addition, the Commissioner points out that Dr. Davis and Dr. Welch noted that Plaintiff had no history of mental retardation. (*Id.* at 4.)

Moreover, the Commissioner asserts that the record evidence does not establish that Plaintiff had the necessary deficits in adaptive functioning. (*Id.*) The Commissioner argues that the evidence in the record indicated that Plaintiff might be able to obtain her GED; she had a concrete thinking pattern; she could maintain a coherent train of thought; she could manage her own funds; she exhibited appropriate behavior; she could communicate adequately; and she was fully able to comprehend simple information and put it to use it in a work setting without much difficulty. (*Id.* at 4-5.) The Commissioner asserts that the requirements of Listing 12.05 were therefore not satisfied, and there was no need for the ALJ to consider whether Plaintiff met the diagnostic description in this listing. (*Id.* at 5-6.) The Commissioner further asserts that even if the ALJ should have considered Listing 12.05, his failure to do so was harmless error and the case need not be remanded. (*Id.* at 6.)

In her R&R, Magistrate Judge Lee noted that while the ALJ considered Listings 12.02 and 12.04 for organic mental disorder and affective disorder, respectively, the ALJ

did not consider Listing 12.05, which addresses mental retardation. (R&R at 10.) Magistrate Judge Lee determined that the ALJ improperly reached the conclusion that Plaintiff was functioning in the "borderline" intellectual range at step two of the process because the ALJ still needed to consider Plaintiff's intellectual impairments during the entire process, especially since it is undisputed that intellectual impairments affected her work abilities. (*Id.* at 11-12.) Magistrate Judge Lee noted that the applicable law in the United States Court of Appeals for the Sixth Circuit counseled that a qualifying IQ score is not enough to satisfy Listing 12.05, and a claimant must also meet the elements of the diagnostic description – "significant subaverage general intellectual functioning with deficits in adaptive functioning before age 22." (*Id.* at 13.) Magistrate Judge Lee concluded that there could be some circumstances in which an IQ score of less than 70 would not implicate Listing 12.05 because the record could unequivocally show that the impairment occurred after age 22. (*Id.*)

In the instant case, however, Magistrate Judge Lee found that Plaintiff met the threshold requirements of Listing 12.05 because she had a valid IQ score of 70 or less (63) and she had a physical or mental impairment that imposed work-related limitations (physical maladies which restricted her to light work). (*Id.* at 14-15.) Therefore, Magistrate Judge Lee found that the requirements of Listing 12.05 were met and the ALJ needed to consider the listing if there was a substantial question as to whether Plaintiff also met the diagnostic description, i.e., significant subaverage general intellectual functioning, deficits in adaptive functioning, and an onset date before age 22. (*Id.* at 15-16.) Magistrate Judge Lee concluded that there was such a substantial question based on evidence in the record.

(*Id.* at 16.) First, Magistrate Judge Lee noted that Plaintiff's IQ score of 63 indicated that she suffered from significant intellectual impairments. (*Id.*) Next, Magistrate Judge Lee found substantial evidence that Plaintiff suffered from adaptive deficits by virtue of noted significant attention span problems and a "below average" score on a test meant to measure her adaptive functioning. (*Id.* at 16-17.) Finally, Magistrate Judge Lee found substantial evidence in the record that Plaintiff's deficits manifested before age 22 because, in conjunction with her low IQ score, Plaintiff was held back in the first grade and took special education classes in seventh and eighth grades. (*Id.* at 17.) Although Magistrate Judge Lee acknowledged that Plaintiff had not been diagnosed with mental retardation and there was other evidence in the record which did not establish significant deficits, she concluded that there was a substantial question that Plaintiff met Listing 12.05C because it was not obvious from the record that Plaintiff would not meet the listing. (*Id.* at 18.) As such, the ALJ was required to consider Listing 12.05C. (*Id.*)

Magistrate Judge Lee next addressed whether the ALJ considered the listing even though it was not discussed in his decision, and found no evidence that the ALJ had made findings that indicated that he had considered and rejected the listing. (*Id.* at 18-21.) Finally, after determining that the ALJ was required to consider Listing 12.05C, Magistrate Judge Lee addressed whether the ALJ's failure to consider the listing was harmless error. (*Id.* at 21.) Magistrate Judge Lee noted that either the ALJ overlooked the listing or considered and rejected it for reasons not articulated in the decision. (*Id.*) If it was the former, remand was necessary because the decision was not supported by substantial evidence, and if it was the latter, remand was still proper because the Court could not

-5-

Case 2:10-cv-00118-HSM-SKL   Document 19   Filed 07/07/11   Page 5 of 8   PageID #: 113

speculate as to the ALJ's decision with regard to the listing. (*Id.* at 21-22.) Magistrate Judge Lee determined that remand was necessary unless it was clear that the contested issue would not change the ultimate outcome, and such was not applicable in the instant case, because if Plaintiff met Listing 12.05C, she would be presumed disabled. (*Id.* at 22.) Accordingly, Magistrate Judge Lee recommended that Plaintiff's case be remanded to the ALJ. (*Id.* at 22-23.)

The Commissioner's initial objection contends that the R&R relied on facts not part of the administrative record and the Court cannot consider that evidence. The Court finds that it was unnecessary to consider or rely on Plaintiff's diagnosis in her subsequent disability determination or the policy of the Tennessee Department of Education in reaching its conclusion.

The Commissioner's other objections to Magistrate Judge Lee's R&R are largely a reiteration of the arguments it made in its Motion for Summary Judgment. After fully reviewing the administrative record and Magistrate Judge Lee's extremely detailed and carefully analyzed R&R, the Court agrees with the findings of fact and conclusions contained therein and sees no reason to revisit the same arguments that Plaintiff had not been diagnosed with mental retardation and did not have a history of mental retardation, that the record contains evidence that Plaintiff does not have deficits in adaptive functioning, that the requirements of Listing 12.05C have therefore not been met, and that the ALJ's failure to consider the listing or discuss it in the decision was harmless.

The Court finds that Magistrate Judge Lee thoroughly addressed these arguments in the R&R and the Court agrees with her conclusion that the evidence in the record raised a substantial question as to the applicability of Listing 12.05C. Although there was

conflicting evidence in the record on the issue of significant deficits in adaptive functioning, there was sufficient evidence to raise a substantial question as to whether Plaintiff had such deficits because it was not obvious from the record that she did not. The Court further agrees with Magistrate Judge Lee's conclusion that the ALJ's failure to consider the listing was not harmless error. The ALJ's apparent failure to consider the listing in light of the evidence in the record requires remand because, had the ALJ considered Listing 12.05C and found that the listing applied to Plaintiff and established mental retardation, he would have found Plaintiff to be presumptively disabled for that time period and a different outcome would result.

Accordingly, the Court **OVERRULES** the Commissioner's Objections and **ACCEPTS and ADOPTS** Magistrate Judge Lee's R&R. The Commissioner's Motion for Summary Judgment is **DENIED**. To the extent that Plaintiff's Motion for Summary Judgment seeks reversal of the Commissioner's decision and an award of benefits, it is **DENIED**. To the extent that Plaintiff's Motion seeks remand of the case to the ALJ for further evaluation, the Motion is **GRANTED**. Plaintiff's case is remanded to the Commissioner for action consistent with the R&R and this Order.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

- The Commissioner's Objection [Court Doc. 17] to Magistrate Judge Lee's Report and Recommendation is **OVERRULED**;

- Magistrate Judge Lee's Report and Recommendation [Court Doc. 16] is **ACCEPTED AND ADOPTED** in its entirety;

-7-

Case 2:10-cv-00118-HSM-SKL   Document 19   Filed 07/07/11   Page 7 of 8   PageID #: 115

- Plaintiff's Motion for Summary Judgment [Court Doc. 12] is **GRANTED** to the extent it seeks remand of the case;

- The Commissioner's Motion for Summary Judgment [Court Doc. 14] is **DENIED**; and

- The Commissioner's decision is **REVERSED** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation.

**SO ORDERED** this 7th day of July, 2011.

                                          */s/Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE