UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ELLA D. MCCLELLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | No. 2:10-cv-118<br><br>*Mattice / Lee* |

**REPORT AND RECOMMENDATION**

Before the Court is the Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 22]. This matter, an appeal of the Commissioner's decision denying disability benefits, previously came before the Court on the parties' cross motions for summary judgment. The undersigned recommended that Plaintiff's claim be remanded to the Commissioner for further consideration, the Commissioner objected to the recommendation, and the Court accepted the recommendation and reversed the Commissioner's decision remanding Plaintiff's claim pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now timely seeks fees in the amount of $4,200.00 for 21 hours of work expended to obtain the remand. The Commissioner opposes the motion arguing the Commissioner's position was substantially justified so Plaintiff is not entitled to any fees and, alternatively, if the Court finds attorney's fees are warranted, both the claimed hourly rate and hours expended should be reduced. For the reasons below, I conclude the Commissioner's position was not substantially justified and I recommend that Plaintiff be awarded reasonable attorney's fees at a reduced hourly rate for a reduced number of hours.

## I. BACKGROUND

The factual background of this case is fully addressed in the record and will be recited here only as necessary to address the arguments relating to Plaintiff's entitlement to fees. The ALJ found that Plaintiff had severe impairments with back, neck, knee, and right arm problems, low average to borderline intellectual function, and an affective disorder. The ALJ found that Plaintiff's mental impairments did not meet or medically equal the criteria of listings 12.02 or 12.04, determined Plaintiff could perform a limited range of light work and, after vocational expert testimony, concluded there were jobs existing in significant numbers in the national economy which Plaintiff could perform.

The primary issue before the Court, in conducting a substantial evidence review of the ALJ's decision, was whether the ALJ failed to address Listing 12.05C, a listing designed for mildly mentally retarded people with additional severe impairments. The Court found the ALJ failed to consider the listing even though there was evidence in the record to establish that Plaintiff could meet the requirements of Listing 12.05C. While there was also evidence in the record indicating Plaintiff might not meet the requirements of the listing, the ALJ's failure to consider the listing was not harmless because, if Plaintiff met the requirements of Listing 12.05C, she would be found to be presumptively disabled, resulting in a different outcome. As such, the Court remanded Plaintiff's claim to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

## II. ANALYSIS

### A. Entitlement to EAJA Fees

The EAJA provides for an award of attorney's fees to a plaintiff who prevails in proceedings for judicial review of agency action. 28 U.S.C. § 2412(d). In order to recover attorney's fees under

the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. *Id. See also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). Here, the Commissioner does not dispute Plaintiff is a prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment for the plaintiff."). Second, Plaintiff's motion is timely. *See Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581 (6th Cir. 2005) (noting the EAJA sets a deadline of 30 days after the final judgment, which must be an unappealable judgment, thereby giving the claimant 30 days after the 60 day appeal period afforded to officers of the United States in Fed. R. App. P. 4(a)). Third, the Commissioner does not contend that "special circumstances" warrant the denial of fees, and I find none here.

As noted above, however, the Commissioner does argue his position was substantially justified, a contention on which the Commissioner bears the burden of proof. *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006). A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Before asking *whether* an agency's position is justified, however, a reviewing court must first identify *which* position must be justified. Before the EAJA was amended in 1985, the Sixth Circuit Court of Appeals ("Sixth Circuit") held that the relevant "position" was the position taken by the agency during litigation, not the position taken in the underlying agency action. *See Trident Marine Constr., Inc. v. United States Army Corps of Engineers*, 766 F.2d 974, 977-80 (6th Cir. 1985). The 1985 amendments to the EAJA, however, explicitly defined "position of the United States" to mean, "in addition to the position taken by the United States in the civil action, the action

3

or failure to act by the agency upon which the civil action is based . . . ." 28 U.S.C. § 2412(d)(2)(D); *Holden v. Heckler*, 615 F. Supp. 686, 687 (D. Ohio 1985). As the drafters of the EAJA amendments stated, the new definition "require[s] an assessment of those government actions that formed the basis of the litigation." *Id.* (quoting H.R.Rep. No. 99-120, 99th Cong., 1st Sess. 12-13).

Here, consequently, the Court must ask whether the Commissioner's decision denying benefits was substantially justified. The Court has already found, however, that the Commissioner's underlying decision was not supported by substantial evidence. Recent authority makes it clear that "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case.'" *Scarborough v. Principi*, 541 U.S. 401, 415 (2004). In the proper case, therefore, the Commissioner's decision denying benefits may be substantially justified even if it was not supported by substantial evidence. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) ("The fact that we found the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified."); *Walker v. Astrue*, No. 3:08-CV-151, 2010 WL 925787, at *2 (E.D. Tenn. Mar. 8, 2010) ("[A] plaintiff is not entitled to attorney fees under EAJA simply because the Court has ruled that the ALJ's decision denying him benefits was not supported by substantial evidence."). The Court must determine whether this is a proper case for denying fees, keeping in mind, however, that where agency action is set aside because it was unsupported by substantial evidence, it "can rarely be said to be 'substantially justified.'" *Weber v. Weinberger*, 651 F. Supp. 1379, 1388 (W.D. Mich. 1987).

A survey of cases shows that an ALJ's error in weighing the record evidence ordinarily comes in one of three varieties. First, and least difficult, the evidence of disability may be uncontradicted. In that case, the denial of benefits cannot be substantially justified. *Myrick v. Sec'y*

4

*of Health & Human Servs.*, 872 F.2d 1027 (6th Cir. 1989) (Table).  Second, if there is conflicting evidence which is material to the outcome of the case, but the ALJ fails to resolve it, the denial of benefits is not substantially justified.[1]  *See Howard*, 376 F.3d at 554 (decision not substantially justified where ALJ relied on selective review of the record); *Drain v. Astrue*, No. 2:10-cv-0025, 2011 WL 63513, at *2 (S.D. Ohio Jan. 6, 2011) (not substantially justified where ALJ failed to address conflicting evidence).  Third, and finally, the ALJ may rely on evidence which is supportive of his findings, but which is ultimately found to be less than "substantial" in light of the countervailing evidence.  In a "close" case of this variety, the denial of benefits may sometimes be substantially justified.  *See Jankovich v. Bowen*, 868 F.2d 867, 869-70 (6th Cir. 1989); *Lewin v. Comm'r of Soc. Sec.*, No. 1:08-CV-00223, 2011 WL 1627309, at *2 (S.D. Ohio Apr. 29, 2011).

The Commissioner argues that his position was substantially justified because the Court acknowledged that situations might exist in which a claimant with an IQ score of less than 70 would not meet the requirements of Listing 12.05C if another requirement, namely onset before age 22, was not met.  The Commissioner contends that the ALJ's position (and apparent rejection of the listing) was reasonable and consistent with this interpretation.  The Commissioner further argues that the ALJ's failure to address Listing 12.05C was also justified because Plaintiff was never diagnosed with mental retardation and was consistently noted to be of borderline intellectual functioning or average intelligence.  The Commissioner points to the evidence in the record that did not establish

---

[1] A failure to give "good reasons" for rejecting a treating physician's favorable opinion might be thought of as falling into this category.  *See*, *e.g.*, *Walker v. Astrue*, No. 3:08-CV-151, 2010 WL 925787, at *3 (E.D. Tenn. Mar. 8, 2010) (agency's position not substantially justified where ALJ failed to articulate good reasons for rejecting treating physician's opinion, even where there the record might have contained sufficient evidence to discount that opinion).

5

the requirements of Listing 12.05C and asserts the position of the ALJ and Commissioner had a reasonable basis in law and fact.

The Court found, however, that because Plaintiff met the threshold requirements of Listing 12.05, i.e., a valid IQ of 70 or less (63 in this case) and had a physical or mental impairment that imposed work-related limitations (physical complaints restricting her to light work), the ALJ was required to consider Listing 12.05C to determine if there was a substantial question whether Plaintiff met the more specific diagnostic description, which required significant subaverage general intellectual functioning, deficits in adaptive functioning, and onset before age 22. Based on the evidence in the record, a substantial question existed as to whether Plaintiff met those requirements even though Plaintiff had not been diagnosed with mental retardation, and the ALJ was required to consider Listing 12.05C.

Essentially, then, because Plaintiff met the threshold requirements for Listing 12.05C and there was evidence in the record that she might meet the more specific description, the ALJ needed to address Listing 12.05C, and there was no evidence in the opinion to indicate the ALJ had considered the listing. The Court reasoned that either the ALJ neglected to consider the listing or had considered it and rejected it for reasons not articulated in the record; either way, the ALJ's failure to consider a listing implicated by the evidence in the record that could have altered the disability outcome required remand. For that reason, I **CONCLUDE** that the Commissioner's position was without substantial justification and that Plaintiff is entitled to recover EAJA fees.

B.     **Plaintiff's Requested Hourly Rate and Hours**

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). In this district, cost of living adjustments are computed by the formula established in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn.

6

Case 2:10-cv-00118-HSM-SKL   Document 24   Filed 01/26/12   Page 6 of 8   PageID #: 169

2003). In 2008, to provide one example of the *Cook* formula, the proper rate for attorney compensation under the EAJA was determined to be $159 per hour. *Branson v. Astrue*, No. 3:07-CV-041, 2008 WL 2498111, at *2 (E.D. Tenn. June 17, 2008). In this case, Plaintiff seeks fees of $4,200.00 based on 21 hours of work at an hourly rate of $200. Plaintiff's counsel's affidavit states that he believes $200, which is his standard hourly rate, is appropriate to account for the cost of living and approximates the market rate for the type of services performed in this case.

The Commissioner argues both the hourly rate and number of hours expended are unreasonable. First, the Commissioner asserts that $200 is not an appropriate hourly rate because the EAJA specifies an hourly rate of $125 unless the Court permits an increase based on cost of living or some other special factor. The Commissioner points to *Cook* for the appropriate formula to adjust EAJA fees for the cost of living and argues that *Cook* dictates an hourly rate of $167 for all work performed by Plaintiff's counsel. The Commissioner next argues that two hours billed by Plaintiff's counsel for refiling briefs he originally filed incorrectly should not be a cost borne by the government. Finally, the Commissioner asserts that any fee award must be paid to Plaintiff, and not her attorney.

I **FIND** the proper hourly rate must be determined pursuant to the *Cook* formula. Although the Commissioner contends the hourly rate of $167 is appropriate for all of the work Plaintiff's counsel performed (which spans from 2010 to 2011), the *Cook* formula contemplates a different rate for each year based on the "annual average" Consumer Price Index ("CPI") for the year prior to the performance of the work. *Id.* at 910. This would result, therefore, in an hourly rate of $164 for work performed in 2010 and $167 for work performed in 2011. Additionally, it does appear that Plaintiff's counsel's two-hour time entry for November 10, 2010, which reads "[b]rief re-drafted, attachments re-drafted and again submitted to Federal Court" is duplicative of the entry on

7

November 8, 2010, when counsel filed the motion for summary judgment incorrectly and was directed to file it correctly [Doc. 11]. I **FIND** that Plaintiff's counsel should not recover fees for the two hours billed in this duplicative entry arising from an incorrect filing.

Accordingly, I **RECOMMEND** Plaintiff be awarded attorney's fees in the amount of $164 per hour for 15.75 hours of work performed in 2010 and $167 per hour for 3.25 hours of work performed in 2011, for a total of **$3,125.75**. The award should be paid directly to Plaintiff. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448-49 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

## III. CONCLUSION

For the reasons above, I **RECOMMEND**:[2]

    (1)    Plaintiff's motion for EAJA attorney's fees [Doc. 22] be **GRANTED**; and

    (2)    Plaintiff be awarded attorney's fees in the amount of **$3,125.75**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).